**IN THE CIRCUIT COURT**
**OF THE FIFTH JUDICIAL CIRCUIT**
**IN AND FOR MARION COUNTY, FLORIDA**

**CASE NO:**

**VICTOR PAGAN,**

      **Plaintiff,**

**vs.**

**CIRCLE K STORES, INC.,**

      **Defendant.**

_____ /

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

      COMES NOW Plaintiff, VICTOR PAGAN, and sues Defendant, CIRCLE K STORES, INC., and alleges:

      1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

      2.     Plaintiff is a natural person residing in Lake County, Florida.

      3.     At all times material to this action, Defendant, CIRCKLE K STORES, INC., is a Texas corporation licensed to do business and doing business in the State of Florida, and more specifically in Marion County, Florida.

1

4.      At all times material hereto, Defendant was the owner and in possession of that certain business known as Kangaroo Express located at 6961 North US 441, Ocala, Marion County, Florida, said business being that of a convenience store, open to the general public, including the Plaintiff herein.

5.      On October 2, 2019, at or around 1:30 P.M., Plaintiff visited Defendant's premises located at the above address to get a drink.

6.      At said time and place, Plaintiff was a retail guest at the convenience store and lawfully upon the premises of the Defendant.

7.      At said time and place, while Plaintiff was visiting Defendant's premises located at the above address as a retail customer, he slipped and fell to the concrete after stepping off the curb onto an oil spot in the parking area, sustaining injuries as set forth.

8.      At all times material hereto, Defendant owed Plaintiff a duty to maintain the premises in a reasonably safe condition and to correct any dangerous condition about which it either knew or should have known by the use of reasonable care to avoid injuries to its customers, including Plaintiff.

9.      Further, Defendant owed Plaintiff a duty to warn of any latent conditions about which it had, or should have had, knowledge greater than Plaintiff and which created an unreasonable risk of harm to Plaintiff.

10.     At said time and place, Defendant negligently breached the duties it owed to Plaintiff.

11.     At all times material to the subject incident, Defendant had actual knowledge of the dangerous condition created by the oil on the ground in the parking lot near the curb where customers enter and exit the store and failed to take action to remedy it.

12.     At all times material to the subject incident, Defendant had constructive knowledge of the dangerous condition created by the oil on the ground in the parking lot near the curb where customers enter and exit the store because the dangerous condition existed for such a length of time that, in the exercise of

2

ordinary care, the business establishment should have known of the condition, and/or the condition occurred with regularity and was therefore foreseeable.

13.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation or activation of previously existing or latent condition.   The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, VICTOR PAGAN, sues the Defendant, CIRCLE K STORES, INC., for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 14th day of August, 2020.


CHRISTOPHER J. HINCKLEY, ESQ.,
FBN:  041155
Morgan & Morgan, P.A.
1007 E. Silver Springs Blvd.
Ocala, FL 34470
Telephone:  (352) 644-2000
Facsimile: (352) 644-2020
Primary email: CHinckley@forthepeople.com
Secondary email: NLogan@forthepeople.com
Attorneys for Plaintiff

3

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MARION</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Victor Pagan</u>
Plaintiff
vs.
<u>Circle K Stores Inc</u>
Defendant

**II.      AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>30,001</u>

**III.      TYPE OF CASE**      (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☐ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☒ Negligence – other | ☐ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☐ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☒ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**  **REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☐  Non-monetary declaratory or injunctive relief;
☐  Punitive

**V.**  **NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI.**  **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Christopher J. Hinckley Esq.</u>
            Attorney or party
FL Bar No.: <u>41155</u>
            (Bar number, if attorney)
            <u>Christopher J. Hinckley Esq.</u>
            (Type or print name)
   Date:  <u>08/14/2020</u>

# IN THE CIRCUIT COURT
# OF THE FIFTH JUDICIAL CIRCUIT
# IN AND FOR MARION COUNTY, FLORIDA

## CASE NO:

VICTOR PAGAN,

        Plaintiff,

vs.

CIRCLE K STORES, INC.,

        Defendant.

_____/

## CIVIL COVER SHEET

**AMOUNT OF CLAIM:**    **$30,001**

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), please an "x" in both the main category and subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ■ Negligence-other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ■ Premises liability-commercial
  - ☐ Premises liability-residential
- ☐ Products liability
- ☐ Real property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0-$50,000
  - ☐ Commercial foreclosure $50,001-$249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property

- ☐ Homestead residential foreclosure $0-$50,000
- ☐ Homestead residential foreclosure $50,001-$249,999
- ☐ Homestead residential foreclosure $250,000 or more
- ☐ Nonhomestead residential foreclosure $0-$50,000
- ☐ Nonhomestead residential foreclosure $50,001-$249,999
- ☐ Nonhomestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0-$50,000
- ☐ Other real property actions $50,001-$249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice-business
  - ☐ Malpractice-medical
  - ☐ Malpractice-other professional
- ☐ Other
  - ☐ Antitrust/Trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COUNTY CIVIL
- ☐ Civil
- ☐ Replevins
- ☐ Evictions
- ☐ Other civil (non-monetary)

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

**REMEDIES SOUGHT**   (Check all that apply.)

- ■ monetary;
- ☐ nonmonetary declaratory or injunctive relief;
- ☐ punitive

**NUMBER OF CAUSES OF ACTION:[ 1 ]**

(Specify.) _____

_____

**IS THIS CASE A CLASS ACTION LAWSUIT?**

- ☐ Yes
- ■ No

**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

- ■ No
- ☐ Yes.  If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

**IS JURY TRIAL DEMANDED IN COMPLAINT?**

- ■ Yes
- ☐ No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

_____        Fla. Bar # 041155

Christopher J. Hinckley, Esq.,

August 14, 2020
Date

CIV-125   Page 2

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

# IN THE CIRCUIT COURT
## OF THE FIFTH JUDICIAL CIRCUIT
### IN AND FOR MARION COUNTY, FLORIDA

## CASE NO:

**VICTOR PAGAN,**

       **Plaintiff,**

**vs.**

**CIRCLE K STORES, INC.,**

       **Defendant.**

_____ /

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**CIRCLE K STORES, INC.**
**c/o Corporation Service Company, Registered Agent**
**1201 Hays Street**
**Tallahassee, FL 32301**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on CHRISTOPHER J. HINCKLEY, ESQ., **Morgan & Morgan, P.A.**, 1007 E. Silver Springs Blvd., Ocala, FL 34470, Telephone: (352) 644-2000, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

1

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **MARION COUNTY COURTHOUSE, 110 N.W. FIRST AVENUE, OCALA, FLORIDA 34475, (904) 620-3582**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the _____ day of _____, \_\_\_\_.

Clerk of the Circuit Court

By_____
As Deputy Clerk

2

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez

3

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**MORGAN & MORGAN, P.A.**
**1007 E. Silver Springs Blvd.**
**Ocala, FL 34470**

4

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

**IN THE CIRCUIT COURT**
**OF THE FIFTH JUDICIAL CIRCUIT**
**IN AND FOR MARION COUNTY, FLORIDA**

**CASE NO:**

VICTOR PAGAN,

        **Plaintiff,**

vs.

CIRCLE K STORES, INC.,

        **Defendant.**

_____ /

## <u>NOTICE OF SERVICE OF INTERROGATORIES</u>

**TO:**    **CIRCLE K STORES, INC.**

        COMES NOW the Plaintiff, VICTOR PAGAN, by and through the undersigned counsel and hereby propounds upon Defendant, CIRCLE K STORES, INC., and pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached interrogatories, answers to which will be due within forty-five (45) days from the date of service hereof.

        I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail/Hand Delivery this, the same date of service as that of the Summons and Complaint.

                              _____
                              CHRISTOPHER J. HINCKLEY, ESQ.,
                              FBN 041155
                              Morgan & Morgan, P.A.
                              1007 E. Silver Springs Blvd.
                              Ocala, FL 34470
                              Telephone:  (352) 644-2000
                              Facsimile: (352) 644-2020
                              Primary email: CHinckley@forthepeople.com
                              Secondary email: NLogan@forthepeople.com
                              Attorneys for Plaintiff

## IN THE CIRCUIT COURT
## OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

### CASE NO:

VICTOR PAGAN,

        **Plaintiff,**

vs.

CIRCLE K STORES, INC.,

        **Defendant.**

_____ /

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW the Plaintiff, **VICTOR PAGAN**, by and through the undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.370 hereby requests that Defendant, **CIRCLE K STORES, INC.**, admit or deny the following within forty-five (45) days from the date of service:

1.    Please admit that this cause of action is brought against the Defendant properly and correctly names the parties to be sued in this cause.

2.    Please admit that jurisdiction of the Complaint filed by Plaintiff is properly brought before the Circuit Court in Marion County, Florida.

3.    Please admit that the service of process against the Defendant was proper.

4.    Please admit that this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00) arising in Marion County, Florida.

5.    Please admit that at all times material to this action, Defendant was in possession of and responsible for the inspection, maintenance, repair and cleaning of the subject premises known as Kangaroo Express located at 6961 N. US 441, Ocala, Marion County, Florida.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

6.      Please admit that at all times material to this action, Defendant had written policies and procedures that were in effect regarding the inspection, maintenance, repair and cleaning of the subject premises, including the parking lot and walkway areas.

7.      Please admit that on October 2, 2019, Plaintiff was lawfully upon your premises known as Kangaroo Express located at 6961 N. US 441, Ocala, Marion County, Florida.

8.      Please admit that Plaintiff sustained injuries on the Defendant's premises on October 2, 2019.

9.      Please admit that the Plaintiff was not guilty of any comparative negligence in the subject accident.

10.     Please admit that at all times material to this action, Defendant had security cameras on the subject premises.

11.     Please admit that Defendant is in possession of security camera footage of the subject incident.

12.     Please admit that one or more of Defendant's employees have watched the security camera footage of the subject incident.

13.     Please admit that Defendant received the Spoliation of Evidence letter sent by Plaintiff's counsel on or about October 9, 2019.

14.     Please admit that prior to the subject incident, one or more people have slipped and fallen on the subject premises within three (3) years prior to the subject incident.

15.     Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject accident.

16.     Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

2

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

17.   Please admit that Defendant's agents, representative or employees were negligent in the inspection, maintenance, operation and/or repair of its property, which negligence resulted in injuries to the Plaintiff.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

CHRISTOPHER J. HINCKLEY, ESQ.,
FBN: 041155
Morgan & Morgan, P.A.
1007 E. Silver Springs Blvd.
Ocala, FL 34470
Telephone: (352) 644-2000
Facsimile: (352) 644-2020
Primary email: CHinckley@forthepeople.com
Secondary email: NLogan@forthepeople.com
Attorneys for Plaintiff

3

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

IN THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

CASE NO:

VICTOR PAGAN,

                Plaintiff,

vs.

CIRCLE K STORES, INC.,

                Defendant.

_____ /

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW the Plaintiff, **VICTOR PAGAN**, by and through the undersigned counsel and hereby requests that Defendant, **CIRCLE K STORES, INC.**, produce for inspection or copying the documents set forth below.  Defendants shall produce these documents at 1007 E. Silver Springs Blvd, Ocala, FL 34470 within forty-five (45) days after service of this Request for Production.

### I. Definitions

A.    As used throughout this Request to Produce, the following terms are defined as follows:

B.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

      C.     "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

      D.     If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

      E.     "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

F.     "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.     "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.     As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.     As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.     Description sufficient to identify.

2.     The date(s).

3

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

3.       The subject matter(s).

4.       The sender(s) or author(s).

5.       The recipient(s).

6.       The persons to whom copies were furnished, together with their job titles.

7.       The present depository or person having custody of the document.

8.       The nature and basis of privilege or immunity claimed.

9.       The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 1007 E. Silver Springs Blvd., Ocala, FL 34470, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.      All statements made by any witnesses to the subject accident at the subject place of business located at 6961 N. Hwy 441, Ocala, Marion County, Florida.

2.      All statements made by the Plaintiff pertaining to or concerning the subject matter.

3.      All **<u>color</u>** photographs of the area and/or substance involved in the subject accident.

4.      A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by Plaintiff, you, or your agents, representatives, or employees surrounding the subject accident.

6.      Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

7.      Any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises.

8.      Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

9.      Inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

10.      A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

11.      A true and correct copy of any and all written inspection, maintenance, repair and cleaning procedures or policies in place on the date of the subject accident, at Defendant's premises.

12.      A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

13.      A true and correct copy of your written procedure for inspection of the grounds, sidewalks, parking lot, pathways, common walkways, and landscaping that was in existence on the date of the subject accident.

14.      A true and correct copy of any document or list with the names, addresses, telephone numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

15.     A true and correct copy of any document or list with the names, addresses, telephone numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

16.     A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, and safety precautions at Defendant's premises.

17.     A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on substances on Defendant's premises within the three (3) years prior to the subject incident in a manner substantially similar to that alleged in the Complaint.

18.     A true and correct copy of any and all color photographs taken of the accident scene.

19.     Any and all video images that depict the events alleged in the complaint.

20.     Any and all video images of Plaintiff which Defendant intends to use at depositions and/or trial in this matter.

21.     Any and all video images of the incident.

22.     Any and all video images of the scene where the incident occurred for the period of time beginning 60 minutes before the incident and ending 60 minutes after the incident.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

_____

CHRISTOPHER J. HINCKLEY, ESQ.,

7

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

FBN:  041155
Morgan & Morgan, P.A.
1007 E. Silver Springs Blvd.
Ocala, FL 34470
Telephone:  (352) 644-2000
Facsimile: (352) 644-2020
Primary email: CHinckley@forthepeople.com
Secondary email: NLogan@forthepeople.com
Attorneys for Plaintiff

8

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

IN THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

CASE NO:

VICTOR PAGAN,

    **Plaintiff,**

vs.

CIRCLE K STORES, INC.,

    **Defendant.**

_____/

**PLAINTIFF'S NOTICE OF COMPLIANCE WITH RULE 2.516 AND
DESIGNATION OF E-MAIL ADDRESSES**

Plaintiff, **VICTOR PAGAN**, by and through the undersigned attorney, files this Notice of Compliance with Rule 2.516(b)(1) and Designation of E-Mail Addresses and designates the following email addresses:

  **Primary E-Mail Address:**    **CHinckley@forthepeople.com**

  **Secondary Email Address:**   **NLogan@forthepeople.com**

Documents shall be served by E-mail to these designated E-mail addresses ONLY. Service to any other E-mail address will NOT be considered proper service pursuant to F.R.J.A. 2.516.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

_____

CHRISTOPHER J. HINCKLEY, ESQ.,
FBN 041155
Morgan & Morgan, P.A.
1007 E. Silver Springs Blvd.
Ocala, FL 34470
Telephone: (352) 644-2000
Facsimile: (352) 644-2020
Primary email: CHinckley@forthepeople.com
Secondary email: NLogan@forthepeople.com
Attorneys for Plaintiff

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

IN THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

CASE NO: 20-CA-1318

VICTOR PAGAN,

        Plaintiff,

vs.

CIRCLE K STORES, INC.,

        Defendant.

_____ /

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**CIRCLE K STORES, INC.**
**c/o Corporation Service Company, Registered Agent**
**1201 Hays Street**
**Tallahassee, FL 32301**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on CHRISTOPHER J. HINCKLEY, ESQ., **Morgan & Morgan, P.A.**, 1007 E. Silver Springs Blvd., Ocala, FL 34470, Telephone: (352) 644-2000, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

1

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **MARION COUNTY COURTHOUSE, 110 N.W. FIRST AVENUE, OCALA, FLORIDA 34475, (904) 620-3582**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS  my  hand  and  the  seal  of  this  Court  on  this  the  __19TH__ day  of ___AUGUST___, 2020.

DAVID R. ELLSPERMANN
Clerk of the Circuit Court

By _R. Buell_

As Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements. You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez

3

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**MORGAN & MORGAN, P.A.**
**1007 E. Silver Springs Blvd.**
**Ocala, FL 34470**

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

## RETURN OF SERVICE

State of Florida                    County of Marion                    Circuit Court

Case Number: 2020 CA 1318

Plaintiff:
VICTOR PAGAN



FAM2020019913

vs.

Defendant:
CIRCLE K STORES, INC.

For:
Christopher J. Hinckley, Esq
Morgan & Morgan P.A.
1007 E. Silver Springs Blvd.
Ocala, FL 34470

Received by FAMILY & COURT SERVICES, LLC on the 2nd day of September, 2020 at 11:25 am to be served on CIRCLE K STORES, INC. C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301.

I, JAMES J. KADY, do hereby affirm that on the 2nd day of September, 2020 at 2:00 pm, I:

served a CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE by delivering a true copy of the SUMMONS; NOTICE OF COMPLIANCE WITH RULE 2.516 AND DESIGNATION OF E-MAIL ADDRESS(ES); COMPLAINT; REQUEST FOR ADMISSIONS; REQUEST FOR PRODUCTION; NOTICE OF SERVICE OF INTERROGATORIES; INTERROGATORIES with the date and hour of service endorsed thereon by me, to: Kaneisha Gross as Service Liaison authorized to accept service of the within named corporation, at the address of: 1201 HAYS STREET, TALLAHASSEE, FL 32301 on behalf of CIRCLE K STORES, INC., and informed said person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 32, Sex: F, Race/Skin Color: Black, Height: 5'10", Weight: 175, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.                    "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

_____
JAMES J. KADY
Process Server #65

FAMILY & COURT SERVICES, LLC
725 E. ALFRED STREET
TAVARES, FL 32778
(352) 343-3991

Our Job Serial Number: FAM-2020019913
Ref: 9703034

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

Electronically Filed Marion Case #  20CA001318AX 09/08/2020 08:49:43 AM

IN THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

CASE NO: 20-CA-1318

VICTOR PAGAN,

          **Plaintiff,**

vs.

CIRCLE K STORES, INC.,

          **Defendant.**

_____ /

DATE SERVED: 9/2/2020
TIME SERVED: 2:00 am/pm
CPS: J. Radylos
JOB # 79973

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**CIRCLE K STORES, INC.**
**c/o Corporation Service Company, Registered Agent**
**1201 Hays Street**
**Tallahassee, FL 32301**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on CHRISTOPHER J. HINCKLEY, ESQ., **Morgan & Morgan, P.A.**, 1007 E. Silver Springs Blvd., Ocala, FL 34470, Telephone: (352) 644-2000, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

1

IN THE CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

CASE NO.:    2020-CA-1318
DIVISION:

VICTOR PAGAN,

                Plaintiff,

vs.

CIRCLE K STORES, INC.,

                Defendant.

_____

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant, CIRCLE K STORES, INC. ("Defendant"), by and through the undersigned counsel, and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

1.      Admitted for jurisdictional purposes only.

2.      Without knowledge, therefore denied.

3.      Admitted.

4.      Admitted.

5.      Without knowledge, therefore denied.

6.      Without knowledge, therefore denied.

7.      Denied.

8.      Admitted that Defendant owes those duties prescribed by Florida law. Otherwise, denied.

9.      Admitted that Defendant owes those duties prescribed by Florida law. Otherwise, denied.

10.      Denied.

11.      Denied.

12.      Denied.

13.      Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant states that the alleged injuries sustained by the Plaintiff were caused or contributed to by the acts or negligence of the Plaintiff, thus barring the claim in whole or in part, that by pleading comparative negligence, Defendant does not admit any liability on its part.

## SECOND AFFIRMATIVE DEFENSE

Defendant states that the damages, if any, suffered by the Plaintiff, were due to or occasioned solely by third parties, agencies, persons, forces or instrumentalities outside and beyond the control of Defendant.

## THIRD AFFIRMATIVE DEFENSE

Defendant states the alleged injuries and/or damages sustained by the Plaintiff were caused by the intervening actions and/or negligence of third parties who were not under control of Defendant which bars recovery against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant states that damages against them are only available to the extent permitted by Section 768.81, Florida Statutes.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed herself to danger.

## SIXTH AFFIRMATIVE DEFENSE

By and for its Sixth Affirmative Defense, Defendant alleges that Section 768.0755, Florida Statutes, applies to Plaintiff's claims. As a result, Plaintiff must prove Defendant had actual or constructive knowledge, as defined in Section 768.0755, of a dangerous condition and should have taken action to remedy said condition.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Fla. Stat. § 768.81, and <u>Fabre v Marin</u>, So. 2d 1182 (Fla. 1993), Defendant can only be held liable for its proportionate share of liability for Plaintiff's alleged damages, and therefore, Plaintiff's monetary recovery in this matter, if any, must be reduced by the proportionate share of liability assignable to all other persons and entities. Defendant reserves the right to supplement this Affirmative Defense as the case progresses.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that any injuries claimed by Plaintiff were pre-existing or caused by other incidents or medical conditions, and therefore, Defendant has no liability for causation of same.

## NINTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for all collateral source payments paid or to be paid to or on behalf of Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet the required statute of limitations and therefore their claims are barred.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2020, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Christopher J. Hinckley, Esquire
MORGAN & MORGAN, P.A.
1007 E. Silver Springs Blvd.
Ocala, FL 34470
Email: chinckley@forthepeople.com
Email: nlogan@forthepeople.com
*Attorneys for Plaintiff*

/s/ Steven L. Worley
Steven L. Worley
Florida Bar No. 0159719
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON

The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:    (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: eparker@carrallison.com
Secondary Email: sreid@carrallison.com
*Attorneys for Defendant*

IN THE CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

CASE NO.:    2020-CA-1318
DIVISION:

VICTOR PAGAN,

               Plaintiff,

vs.

CIRCLE K STORES, INC.,

               Defendant.

_____

## DEFENDANT'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO PLAINTIFF

Notice is hereby given that Defendant, CIRCLE K STORES, INC., served its First Set of Interrogatories on Plaintiff, VICTOR PAGAN, to be answered in writing and under oath within thirty (30) days from service hereof in accordance with Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2020, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Christopher J. Hinckley, Esquire
MORGAN & MORGAN, P.A.
1007 E. Silver Springs Blvd.
Ocala, FL 34470
Email: chinckley@forthepeople.com
Email: nlogan@forthepeople.com
*Attorneys for Plaintiff*

               /s/ Steven L. Worley
               Steven L. Worley
               Florida Bar No. 0159719
               Marissa de los Reyes
               Florida Bar No. 1010899
               CARR ALLISON
               The Greenleaf and Crosby Building
               208 North Laura Street, Suite 1100
               Jacksonville, Florida 32202
               Telephone:  (904) 328-6456

Facsimile:    (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: eparker@carrallison.com
Secondary Email: sreid@carrallison.com
*Attorneys for Defendant*

IN THE CIRCUIT COURT, FIFTH JUDICIAL
CIRCUIT, IN AND FOR MARION COUNTY,
FLORIDA

CASE NO.:     2020-CA-1318
DIVISION:

VICTOR PAGAN,

                        Plaintiff,

vs.

CIRCLE K STORES, INC.,

                        Defendant.

_____

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO PLAINTIFF

Defendant, CIRCLE K STORES, INC., through counsel, hereby requests Plaintiff,
VICTOR PAGAN, to produce for inspection and copying the following listed documents at the
offices of Carr Allison, 208 N. Laura St., Suite 1100, Jacksonville, Florida 32202, pursuant to Rule
1.350, Federal Rules of Civil Procedure, within the required time period.

## DEFINITIONS

As used herein, the term "document" means any medium upon which intelligence or
information can be recorded or retrieved, and includes, without limitation, the original and each
copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum
(including any memorandum or report of a meeting or conversation), invoice, bill, order, form,
receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report,
record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print,
laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or
data processing card, or any other written, recorded, transcribed, punched, taped, filmed or
graphic matter, however produced or reproduced, which is in your possession, custody or control
or which was, but is no longer in your possession, custody or control.

## <u>DOCUMENTS TO BE PRODUCED ARE AS FOLLOWS</u>:

1)      Federal Income Tax Returns and W-2 Forms for Plaintiff from 2013 to the present.

2)      Any and all photographs or videos in the possession of the Plaintiff, Plaintiff's Attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to, any and all photographs or videos of the parties, as well as photographs or videos of the scene of the subject incident.

3)      All medical bills, doctor bills, hospital bills, medication bills, nursing bills, ambulance bills, and bills for similar expenses incurred by or on behalf of the Plaintiff as a result of the incident which is the subject matter of this lawsuit.

4)      Copies of all medical reports received by the Plaintiff, Plaintiff's attorneys, investigators, agents, servants, or employees, from any doctor, physician, nurse or anyone else who has examined or rendered treatment to the Plaintiff for the injuries incurred as a result of the incident which is the subject matter of this lawsuit.

5)      A copy of all documents, x-rays or records from any hospital, medical provider or health care facility where the Plaintiff was a patient, or where the Plaintiff received treatment, subsequent to the incident which is the subject matter of this lawsuit, which are in the possession of the Plaintiff, Plaintiff's attorneys, investigators, agents, servants or employees.

6)      A copy of all documents, x-rays or records from any hospital, medical provider or health care facility where the Plaintiff was a patient, or where the Plaintiff received treatment any time during the ten years prior to the incident which is the subject matter of this lawsuit, which are in the possession of the Plaintiff, Plaintiff's attorneys, investigators, agents, servants or employees.

7)      A transcript or copy of all statements, whether handwritten, typewritten, video or audio, made by Defendant, or Defendant's employees, that is in the possession of Plaintiff or Plaintiff's attorneys, agents or servants, regarding the incident which is the subject matter of this lawsuit.

8)      A transcript or copy of all statements, whether handwritten, typewritten, video or audio, made by any witness regarding the incident which forms the basis for this lawsuit, which is in the possession of the Plaintiff, Plaintiff's attorneys, agents or servants.

9)      All employment records relating in any way to the Plaintiff, whether employed or self-employed, records relating to the fact and duration of unemployment, records of workmen's compensation, unemployment insurance, welfare, and applications for assistance from any governmental agency because of unemployment or ill health, and all income records for a period of five (5) years prior to the time of the occurrence alleged in the Plaintiff's Complaint up to and including the present date.

10)     All documentation of any insurance payments, governmental or private payments received by or made on behalf of Plaintiff as a result of any alleged injuries, medical or mental treatment or care received by the Plaintiff as a result of the injuries alleged in this suit.

11)     Copies of any social security disability income applications, and benefit award letters or notices, if filed or received.

12)     Any written reports, correspondence, documents or exhibits prepared by any experts expected to be called at trial, relative to the facts known, or opinions held concerning any of the issues to be tried in this case.

13)     Any claim letters or demand letters or other such correspondence from insurance companies or governmental agencies which are claiming rights of subrogation or liens or indemnification from any recovery in this suit.

14)     Copies of any liens or subrogation rights filed by any such insurance companies or governmental agencies which are or could be assessed against.

15)     Copies of any policies of insurance providing benefits to Plaintiff or otherwise indemnifying Plaintiff for any of the injuries alleged in this suit.

16)     Copies of all invoices, claims, reports, payment records or any other documentation which supports Plaintiff's claim for expenses or hospitalization, medical and nursing care and treatment.

17)     Any and all documents or materials used to calculate Plaintiff's alleged damages identified in response to interrogatories in Defendant's First Set of Interrogatories.

18)     Copies of any and all reports or correspondence from any health care providers assigning an impairment rating to Plaintiff, using the American Medical Association Guide to the Evaluation of Permanent Injuries, or any other similar type of rating guide.

19)     The shoes, footwear and clothes you wore at the time of this incident.  These items can remain in your lawyer's possession but must be made available for inspection and photographing.

20)     Any and all documents or materials used to calculate the damages.

21)     For each social networking account listed in response to the interrogatories, please provide copies or screenshots of all photographs and videos of the Plaintiff associated with that account, including those posted by others and/or those in which the Plaintiff has been "tagged" by others, during the two (2) years prior to the date of loss.

22)     For each social networking account listed in the interrogatories, provide copies or screenshots of all photographs and videos of the Plaintiff associated with that account, including those posted by others and/or those in which the Plaintiff has been "tagged" by others, from the date of loss to present.

23)     For each cellular phone listed in the interrogatories, please provide copies of any documentation outlining what calls were made or received on the date of loss.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2020, I electronically filed the

foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of

record via electronic mail:

Christopher J. Hinckley, Esquire
MORGAN & MORGAN, P.A.
1007 E. Silver Springs Blvd.
Ocala, FL 34470
Email: chinckley@forthepeople.com
Email: nlogan@forthepeople.com
*Attorneys for Plaintiff*

/s/ Steven L. Worley
Steven L. Worley
Florida Bar No. 0159719
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:    (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: eparker@carrallison.com
Secondary Email: sreid@carrallison.com
*Attorneys for Defendant*